UNITED STATES COURT OF APPEALS

**November 4, 2016**

TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

TYRONE CAREY,

     Defendant - Appellant.

No. 16-8093
(D.C. Nos. 1:16-CV-00129-SWS and
2:14-CR-00102-SWS-1)
(D. Wyo.)

**ORDER**[*]

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.

     Petitioner Tyrone Carey filed a 28 U.S.C. § 2255 motion to vacate his sentence, arguing that § 4B1.2(a) of the United States Sentencing Guidelines has been rendered invalid by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The district court, aware that the Supreme Court will soon consider the same question in *Beckles v. United States*, 136 S. Ct. 2510 (2016), stayed the proceedings pending a final decision in *Beckles*. Mr. Carey immediately filed a notice of appeal and now asks us to either treat the district court's stay order as a final order and review it on

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

the merits or, alternatively, to treat his notice of appeal as a petition for writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a), and direct the district court to rule upon his § 2255 motion. We construe Mr. Carey's notice of appeal as a motion for mandamus, and because we conclude that Mr. Carey's right to issuance of the writ is clear and indisputable, we direct the district court to vacate its stay order and rule on the merits of Mr. Carey's § 2255 motion.

## I.

On May 21, 2014, a federal grand jury indicted Mr. Carey on a single count of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Mr. Carey entered a plea of guilty, and the district court sentenced him to fifty-one months' imprisonment, at the bottom of the advisory Guidelines range calculated in his presentence report.

On May 19, 2016, Mr. Carey filed a § 2255 motion seeking to vacate his sentence. In this motion, he argued that he is entitled to resentencing because the advisory Guidelines range on which the district court based his sentence included a six-level increase imposed under the residual clause of § 4B1.2(a) of the United States Sentencing Guidelines, which has now been rendered invalid by the Supreme Court's decision in *Johnson*. Without this six-level increase, the advisory Guidelines range for his sentence would have been twenty-seven to thirty-three months instead of fifty-one to sixty-three.

The government moved to stay the proceedings. In its motion, the government noted that "[o]n June 27, 2016, the Supreme Court granted *certiorari* in *Beckles v. United*

2

*States* (S.Ct. No. 15-8544), to decide . . . whether *Johnson*'s constitutional holding applies to the residual clause of U.S.S.G. § 4B1.1(a)(2), and if so, whether *Johnson* applies retroactively to cases on collateral review." (R. Vol. I at 20.) The government asked the district court to "stay all proceedings in [Mr. Carey's case] until the . . . Supreme Court issues an opinion in *Beckles*." (*Id.* at 19.)

The district court granted the government's motion on August 8, 2016, ordering all proceedings in the case stayed until the Supreme Court issues an opinion in *Beckles*. Mr. Carey then filed this appeal.

## II.

Mr. Carey argues on appeal that we should treat the district court's stay order as "final" for purposes of 28 U.S.C. § 1291 because his § 2255 motion was, in effect, a request for an injunction compelling speedier release, *see Wilkinson v. Dotson*, 544 U.S. 74, 80 (2005), and thus the district court's stay order is immediately appealable under *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981), as an order that (1) had "the practical effect of refusing an injunction," (2) may have "serious, perhaps irreparable consequence," and (3) "can be effectually challenged only by immediate appeal," *id.* at 84 (internal quotation marks omitted). In the alternative, he argues that we should treat his notice of appeal as a petition for mandamus under the All Writs Act, 28 U.S.C. § 1651(a), and direct the district court to rule on his § 2255 motion. He notes that, as of September 2016, he had already served approximately twenty-eight months in prison—more than the bottom of the advisory Guidelines range that would have been applicable were it not for

3

the arguably unconstitutional use of U.S.S.G. § 4B1.2 to increase his offense level by six levels.

We have not received the benefit of any briefing from the government on Mr. Carey's *Carson* theory of appellate jurisdiction, while the government has briefed the question of Mr. Carey's entitlement to mandamus relief. Given this fact, as well as the time-sensitive nature of this case and our conclusion that mandamus relief is warranted, we conclude that it would be most appropriate for us to construe Mr. Carey's notice of appeal as a petition for mandamus and grant relief on this basis, rather than requesting briefing from the government and further prolonging these proceedings in an attempt to resolve the difficult jurisdictional issues that will otherwise be implicated.

We consider "five nonconclusive guidelines" in determining whether to grant mandamus relief. *Clyma v. Sunoco, Inc.*, 594 F.3d 777, 782 (10th Cir. 2010) (internal quotation marks omitted). These include whether:

> (1) the petitioner has alternative means to secure relief; (2) the petitioner will be damaged in a way not correctable on appeal; (3) the district court's order constitutes an abuse of discretion; (4) the district court's order represents an oft-repeated error and manifest, persistent disregard of applicable law; and (5) the district court's order raises new and important problems of law or issues of first impression.

*Id.*

Here, we conclude that Mr. Carey can satisfy four of these five guidelines. To begin with, Mr. Carey has no clear alternative means to secure relief. Conceivably, if we accepted his *Carson* theory of jurisdiction, he could obtain collateral review of the district

4

court's stay order through an interlocutory appeal, but at this point the possibility remains speculative, and, under all of the circumstances of this case, we are persuaded that this guideline weighs in Mr. Carey's favor and suggests the appropriateness of mandamus relief to ensure that Mr. Carey is able to receive timely resolution of his habeas motion. Second, if Mr. Carey is in fact entitled to the relief he seeks in his § 2255 motion, staying resolution of his motion until the Supreme Court resolves *Beckles* will irreparably damage Mr. Carey by resulting in his prolonged confinement under an allegedly invalid sentencing determination where he would likely already have completed his sentence were it not for this constitutional error. Third, we conclude that the stay of the § 2255 motion amounts to an abuse of discretion on the part of the district court. "[W]rits of habeas corpus are intended to afford a swift and imperative remedy in all cases of illegal restraint or confinement," *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir. 1990), and the district court abused its discretion by concluding that Mr. Carey's habeas petition did not need to be resolved until after the Supreme Court has decided *Beckles*, despite the fact that, if his argument is accepted, this will result in him spending unnecessary time in prison. "[C]onsiderations of judicial economy should rarely if ever lead to such broad curtailment of the access to the courts." *Span–Eng Assocs. v. Weidner*, 771 F.2d 464, 469 (10th Cir. 1985) (citation omitted); *see also United States v. Heineman*, 767 F.3d 970, 971 n.1 (10th Cir. 2014) (rejecting the argument that we should await a pending Supreme Court decision rather than deciding a particular issue in a criminal case, since "[t]hat decision may not be handed down until next June, . . . there is always the possibility that

5

an unexpected problem with the case will cause the Supreme Court not to proceed with its review," and even a defendant who is out on probation will suffer from the interim delay)*; King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1172 (11th Cir. 2007) (vacating as abuse of discretion a stay that "seem[ed] indefinite" and that "apparently w[ould] expire only after the conclusion of litigation in Italy"); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1070 (9th Cir. 2007) (holding that district court's indefinite stay pending resolution of related arbitration proceedings in England was an abuse of discretion). Lastly, although the district court's stay order does not represent an oft-repeated error or manifest, persistent disregard of applicable law (and thus does not satisfy *Clyma*'s fourth guideline), it does raise a new and important procedural issue of first impression, i.e., whether to resolve on the merits a § 2255 motion that hinges on an issue that will be resolved in the near future by the Supreme Court, but in all likelihood not soon enough to benefit the defendant seeking relief.

Ultimately, we conclude that Mr. Carey's right to issuance of the writ is clear and indisputable because, without it, he will effectively be denied his right to timely resolution of his § 2255 motion. Accordingly, we shall grant Mr. Carey's petition and issue a writ of mandamus to the district court.

III

Mr. Carey's notice of appeal, which we construe as a petition for writ of mandamus pursuant to 28 U.S.C. § 1651(a), is **GRANTED**. The district court is directed

6

to vacate its prior order staying the case and consider Mr. Carey's § 2255 motion on the merits.

Entered for the Court


Monroe G. McKay
Circuit Judge