UNITED STATES COURT OF APPEALS

**November 9, 2016**

**TENINTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MYRON ULAND SMITH,

Defendant - Appellant.

No. 16-8091
(D.C. Nos. 2:16-CV-00126-ABJ and
2:11-CR-00227-ABJ-1)
(D. Wyo.)

**ORDER**[*]

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.

Myron Smith filed a § 2255 motion to vacate his sentence, arguing that a

provision of the sentencing guidelines applied to his case has been rendered

invalid by *Johnson v. United States*, 135 S. Ct. 2551 (2015). His right to relief

depends on the answer to certain legal questions the Supreme Court will soon

address in *Beckles v. United States*, No. 15-8544. The Court has scheduled oral

argument in *Beckles* for November 28, 2016, and will likely release a decision by

June 2017. Rather than decide the legal issues on its own, the district court

stayed the § 2255 proceedings to hear what *Beckles* will say. Mr. Smith appeals

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

from that stay order because, he argues, the delay will cause him irreparable harm. Mr. Smith tells us he is scheduled to be released from prison, even without any habeas relief, on September 27, 2017. And if his claim is meritorious, Mr. Smith explains, he has already served more than the high end of the correct guidelines range. So he wants the district court to rule on his § 2255 motion as soon as possible.

To review the stay order, this court must have appellate jurisdiction. Mr. Smith argues that we do either because the stay is a final order under 28 U.S.C. § 1291 or because it is a denial of an injunction immediately appealable under 28 U.S.C. § 1292. Alternatively, if those avenues are closed, he urges us to construe his appeal as a petition for a writ of mandamus.

We recently faced these same questions in *United States v. Miller*, No. 16-8080 (10th Cir. Nov. 2, 2016) (unpublished). There we concluded that the stay order is not an appealable final order, slip op. at 3-4, but we agreed to issue a writ of mandamus directing the district court to rule on the § 2255 motion without waiting for *Beckles*, *id.* at 5-7. And a few days later another panel of this court reached the same result in *United States v. Carey*, No. 16-8093 (10th Cir. Nov. 4, 2016) (unpublished). Although *Miller* and *Carey* are unpublished opinions and thus not binding precedent, we may look to them for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1. The reasoning in *Miller* and *Carey* persuades us that Mr. Smith's "right to issuance of the writ is clear and

indisputable because, without it, he will effectively be denied his right to timely resolution of his § 2255 motion." *Miller*, slip op. at 7.  Accordingly, we construe Mr. Smith's appeal as a petition for a writ of mandamus and grant it.  The district court is directed to vacate its prior order staying the case and consider Mr. Smith's § 2255 motion on the merits.

ENTERED FOR THE COURT

PER CURIAM